IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LENA D. MORRIS, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 4:16-cv-3116 |
| | § | |
| TEXAS HEALTH AND HUMAN | § | |
| SERVICES COMMISSION, | § | |
| *Defendant.* | § | |

---

## INDEX OF STATE COURT DOCUMENTS

---

Enclosed for filing in the above-referenced action, please find a true and correct copy of the following documents, attached in compliance with 28 U.S.C. § 1446(a) and Local Rules of the United States District Court for the Southern District of Texas, Local Rule 81:

| | | |
|---|---|---|
| 1. | 08/18/2016 | Plaintiff's Original Petition |
| 2. | 08/18/2016 | Civil Case Information Sheet |
| 3. | 09/22/2016 | Civil Process Request Form |
| 4. | 09/22/2016 | Civil Process Pick-Up Form |
| 5. | 09/28/2016 | Executed Process |
| 6. | 10/18/2016 | Defendant Texas Health and Human Services Commission's Original Answer and Defenses |

# STATE COURT DOCUMENT 1

8/18/2016 2:30:42 PM
Chris Daniel - District Clerk Harris County
Envelope No. 12245790
By: Bonisha Evans
Filed: 8/18/2016 2:30:42 PM

CAUSE NO. _____

| | | |
|---|---|---|
| LENA D. MORRIS, | § | IN THE DISTRICT COURT |
|     Plaintiff, | § | |
| | § | |
| VS. | § | OF HARRIS COUNTY, TEXAS |
| | § | |
| TEXAS HEALTH AND HUMAN | § | |
| SERVICES COMMISSION | § | |
|     Defendant. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES LENA D. MORRIS, Plaintiff, and for her Original Petition against Defendant would respectfully show the Court as follows:

## DISCOVERY CONTROL PLAN

1.      This case should proceed as a level 2 case under Rule 190.3 of the Texas Rules of Civil Procedure.

## PARTIES

2.      Plaintiff.  Lena D. Morris is a citizen and resident of Texas.    Ms. Morris currently resides in Beaumont, Texas.

3.      Defendant.  Texas Health and Human Services Commission ("HHSC") is an agency of the State of Texas and may be served by serving the Secretary of State of Texas and/or HHSC Commissioner Charles Smith.

## VENUE

4.       Venue is proper in Harris County, Texas because the acts complained of occurred, in whole or in part, in Harris County, Texas.

For Official Governmental Use Only - Do Not Disseminate to the Public: 71537989 - Page 1 of 7

For Official Governmental Use Only - Do Not Disseminate to the Public: 71537989 - Page 2 of 7

## JURISDICTION

5.      Jurisdiction is proper in this Court because the damages are within the jurisdictional limits of the Court.

6.      This Court has jurisdiction over the Defendants because the acts complained of in this lawsuit took place within the state of Texas.

7.      All conditions precedent for filing this matter have already occurred.  Specifically, Plaintiff has already exhausted her administrative remedies with regard to her Title VII claims.  Ms. Morris filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about November 9, 2015.

The EEOC has issued a Right to Sue Letter in this matter.  The EEOC's Right to Sue Letter for Ms. Morris was dated May 19, 2016.

## FACTS

Background

8.      After having worked for various Texas state agencies for over fifteen (15) years, Plaintiff started her employment as an Investigator VI in the HHSC's Office of Inspector General ("HHSC OIG") on or about January 9, 2015 at the offices located at 10103 Fondren, Houston, Texas 77096.

9.      Upon starting work at HHSC OIG, Ms. Morris informed her supervisor, Interim Manager Ronald Mendoza, that she was claiming Family Medical Leave Act ("FMLA") designation based on her daughter's chronic serious health condition.  At all of the previous state agencies for whom she had worked, Ms. Morris had had no difficulty with her FMLA status designation.

10.     Despite having provided Mr. Mendoza with the paperwork for FMLA designation, Ms. Morris was repeatedly asked to re-submit the paperwork because Director of General

2

Investigations, Lisa Pietrzyk, and Manager Orlando Mayers, claimed that Ms. Morris's paperwork was lost, could not be located, or had not been received.

11.     The consideration of Ms. Morris' submission of her FMLA designation was delayed and there was a reluctance to have Ms. Morris's FMLA designation approved.

12.     Based on information and belief, Mr. Mayers expressed on several occasions that he did not believe that Ms. Morris's daughter's health condition was a "serious health condition."

13.     Ms. Morris informed Mr. Mayers that she believed that she was being harassed because of her effort for FMLA designation.

14.     Ms. Morris was told that she would not be allowed to work a schedule that would have allowed her greater flexibility so that she could still meet her hours, while allowing her to be available should her daughter's chronic health condition require her attention. Based on information and belief, male colleagues at HHSC-OIG were allowed flexible work schedules.

15.     In late April/early May 2015, Ms. Morris submitted her plans for taking leave under the FMLA due to a situation involving Ms. Morris's daughter's health condition.

16.     Throughout Ms. Morris's tenure at HHSC-OIG, she was not paid at the same rate that her male counterparts were.

17.     Furthermore, Ms. Morris was subjected to a hostile work environment at HHSC-OIG related to her gender.  Ms. Morris was subject to offensive conduct, including but not limited to, being harassed at her home with telephone calls in which her supervisor made demeaning remarks to her related to her gender; being told that she was going to be fired because of her gender; being told that she was not going to be allowed to conduct field work; being required to go through more "hoops" than her male colleagues; being physically intimidated by her male colleagues; being compared to a former HHSC-OIG female employee who had previously been terminated.

For Official Governmental Use Only - Do Not Disseminate to the Public: 71537989 - Page 3 of 7

18.     As a result of the discriminatory and offensive actions that were directed at Ms. Morris because of her gender, she suffered serious emotional and mental distress.

19.     Due to the various disputes and difficulties that Ms. Morris suffered at HHSC-OIG, she filed an internal complaint.  The submission of her internal complaint only increased the severity and amount of the hostility that she suffered.

20.     Ms. Morris's employment with HHA was terminated on May 8, 2015.

21.      Ms. Morris's position was filled by a male, who is not African-American and is less than forty-years old.  Thus, Ms. Morris was replaced by an individual who is outside of her protected group of age, gender, and race.

### FIRST CAUSE OF ACTION
### (Violation of 29 U.S.C. §2601 et seq.)

22.     Plaintiff incorporates the allegations stated above as if fully set forth herein.

23.     As described above, Plaintiff was an employee who was attempting to exercise her rights under the Family Medical Leave Act ("FMLA").

24.     Her efforts to exercise her FMLA rights were the cause of harassment and discrimination.

25.     Ultimately, HHSC-OIG terminated Ms. Morris's employment shortly after she made her first request for FMLA leave with HHSC-OIG.  Ms. Morris has been unable to afford continued healthcare coverage.

26.     Therefore, HHSC-OIG's actions in denying, harassing, and terminating Plaintiff's employment are a violation of the Family Medical Leave Act.

### SECOND CAUSE OF ACTION
### (Violation of 28 U.S.C. §2000 et seq.)

24.     Plaintiff incorporates the allegations stated above as if fully set forth herein.

For Official Governmental Use Only - Do Not Disseminate to the Public: 71537989 - Page 4 of 7

25. As described above, Ms. Morris was subject to less favorable terms and conditions of employment because of her gender.

26. Additionally, Mr. Morris was not paid equally to her male counterparts.

27. Ms. Morris's termination was because of her gender and she was replaced by an individual who is outside of her protected group.

28. Therefore, HHSC-OIG's treatment of Ms. Morris was in violation of Title VII's protections against discrimination on the basis of sex.

### THIRD CAUSE OF ACTION
### (Violation of 28 U.S.C. §2000 et seq.)

29. Plaintiff incorporates the allegations stated above as if fully set forth herein.

30. Ms. Morris is African-American.

31. Ms. Morris was subject to less favorable terms and conditions of employment to individuals who were not of her race.

32. Ms. Morris's termination was because of her race and she was replaced by an individual who is outside of her protected group.

33. Therefore, HHSC-OIG's treatment of Ms. Morris was in violation of Title VII's protections against discrimination on the basis of sex.

### FOURTH CAUSE OF ACTION
### (Violation of 28 U.S.C. §2000 et seq.)

34. Plaintiff incorporates the allegations stated above as if fully set forth herein.

35. Ms. Morris is African-American.

36. Ms. Morris was subject to less favorable terms and conditions of employment to individuals who were not over forty (40) years old.

5

For Official Governmental Use Only - Do Not Disseminate to the Public: 71537989 - Page 5 of 7

37.     Ms. Morris's termination was because of her age and she was replaced by an individual who is outside of her protected group.

38.     Therefore, HHSC-OIG's treatment of Ms. Morris was in violation of Title VII's protections against discrimination on the basis of age.

## FIFTH CAUSE OF ACTION
### (Violation of 28 U.S.C. §2000 et seq.)

39      Plaintiff incorporates the allegations stated above as if fully set forth herein.

40.     Ms. Morris sought to oppose the discriminatory treatment to which she was being subjected.

41.     Ms. Morris's engagement in activity that is protected by statute subjected her to a more hostile environment and worse terms and conditions of employment, including her eventual termination of employment.

42.     Therefore, HHSC-OIG's treatment of Ms. Morris was in violation of Title VII's protections against retaliation for engaging protected activity.

## JURY DEMAND

43.     Plaintiff respectfully requests that this matter be tried before a jury.

## PRAYER

44.     Ms. Morris respectfully prays that Defendant Health and Human Services Commission be cited to appear and answer herein and that upon a final hearing of the cause, that judgment be entered for Ms. Morris against Defendant and that Plaintiff be awarded the following:

A.      Back pay;

B.      Compensatory damages, including but not limited to emotional pain and suffering and mental anguish damages, to the extent allowed by law;

C.      Liquidated damages;

6

For Official Governmental Use Only - Do Not Disseminate to the Public: 71537989 - Page 6 of 7

For Official Governmental Use Only - Do Not Disseminate to the Public: 71537989 - Page 7 of 7

D.  Sanctions and penalties;

E.  Front pay;

F.  Attorneys' fees;

G.  Pre-judgment interest;

H.  Post-judgment interest;

Plaintiff further requests all other relief to which she is justly entitled, whether in law or in equity.

Respectfully submitted,

LAW OFFICE OF DAVID J. QUAN

By:  ___*David J. Quan*_____

David J. Quan
Texas Bar No. 16422300
Niels Esperson Building
808 Travis, 20th Floor
Houston, Texas 77002
Telephone: (713) 225-5300
Facsimile: (713) 222-0101
dquan@davidquanlaw.com

ATTORNEY FOR PLAINTIFF
LENA D. MORRIS

7



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 10, 2016

Certified Document Number:      71537989 Total Pages:  7

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

# STATE COURT DOCUMENT 2

8/18/2016 2:30:42 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 12245790
By: EVANS, BONISHA E
Filed: 8/18/2016 2:30:42 PM

## CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____  COURT *(FOR CLERK USE ONLY)*: _____

STYLED  Lena D. Morris v. Texas Health and Human Services Commission
_____
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** David J. Quan<br><br>**Email:** dquan@davidquanlaw.com | **Plaintiff(s)/Petitioner(s):** Lena D. Morris | ☒ Attorney for Plaintiff/Petitioner<br>☐ *Pro Se* Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: _____ |
| **Address:** 808 Travis, 20th Floor<br><br>**Telephone:** (713) 225-5300 | | **Additional Parties in Child Support Case:** |
| **City/State/Zip:** Houston, Texas 77002 | **Defendant(s)/Respondent(s):** Texas Health and Human Services Commission | **Custodial Parent:** _____<br><br>**Non-Custodial Parent:** _____ |
| **Fax:** (713) 222-0101 | | |
| **Signature:** *[signature]*<br><br>**State Bar No:** 16422300 | *[Attach additional page as necessary to list all parties]* | **Presumed Father:** _____ |

### 2. Indicate case type, or identify the most important issue in the case *(select only 1):*

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract:<br><br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract: | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>☐ Accounting<br>☐ Legal<br>☐ Medical<br>☐ Other Professional Liability:<br><br>☐ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☐ Other Product Liability List Product:<br><br>☐ Other Injury or Damage: | ☐ Eminent Domain/Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property:<br><br>**Related to Criminal Matters**<br>☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus– Pre-indictment<br>☐ Other: _____ | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>☐ With Children<br>☐ No Children<br><br>**Other Family Law**<br>☐ Enforce Foreign Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities of Minority<br>☐ Other: | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other<br><br>**Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order<br><br>**Parent-Child Relationship**<br>☐ Adoption/Adoption with Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Parentage/Paternity<br>☐ Termination of Parental Rights<br>☐ Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☒ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment: | ☐ Administrative Appeal<br>☐ Antitrust/Unfair Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: | | |
| **Tax** | *Probate & Mental Health* | | | |
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: _____ | | |

### 3. Indicate procedure or remedy, if applicable *(may select more than 1):*

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |

### 4. Indicate damages sought *(do not select if it is a family law case):*
☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100, 000 but not more than $200,000
☒ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Rev 2/13

For Official Governmental Use Only - Do Not Disseminate to the Public: 71537990 - Page 1 of 1



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 10, 2016

Certified Document Number:        71537990 Total Pages:  1

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

# STATE COURT DOCUMENT 3

9/22/2016 12:45:59 PM
Chris Daniel - District Clerk Harris County
Envelope No. 12847959
By: Anita Perez
Filed: 9/22/2016 12:45:59 PM

# CIVIL PROCESS REQUEST FORM

**FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING**
**FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED**

**CASE NUMBER:** 2016-55050    **CURRENT COURT:** 270th

**TYPE OF INSTRUMENT TO BE SERVED (See Reverse For Types):** Plaintiff's Original Petition

**FILE DATE OF MOTION:** _____ 08 _____ 18 _____ 2016 _____
                          Month/   Day/   Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

1. NAME: _____ Texas Health and Human Services Commission   (Tel. 512-424-6500) _____

   ADDRESS: _____ 4900 N. Lamar Blvd., Austin, TX 78714-9030 _____

   AGENT, (*if applicable*): _____ Charles Smith, Executive Commissioner _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED (*see reverse for specific type*):** citation

**SERVICE BY** (*check one*)**:**
- ☒ **ATTORNEY PICK-UP**        ☐ **CONSTABLE**
- ☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____   Phone: _____
- ☐ **MAIL**                    ☐ **CERTIFIED MAIL**
- ☐ **PUBLICATION:**
    - Type of Publication:   ☐ **COURTHOUSE DOOR,  or**
    - ☐ **NEWSPAPER OF YOUR CHOICE:** _____
- ☐ **OTHER,** *explain* _____

**ATTENTION:  Effective June 1, 2010**

**For all Services Provided by the DISTRCT CLERKS OFFICE requiring our office to MAIL something back to the Requesting Party, we require that the Requesting Party provide a Self-Addressed Stamped Envelope with sufficient postage for mail back.  Thanks you,**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

2. NAME: _____

   ADDRESS: _____

   AGENT, (*if applicable*): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED (*see reverse for specific type*):** _____

**SERVICE BY** (*check one*)**:**
- ☐ **ATTORNEY PICK-UP**        ☐ **CONSTABLE**
- ☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____   Phone: _____
- ☐ **MAIL**                    ☐ **CERTIFIED MAIL**
- ☐ **PUBLICATION:**
    - Type of Publication:   ☐ **COURTHOUSE DOOR,  or**
    - ☐ **NEWSPAPER OF YOUR CHOICE:** _____
- ☐ **OTHER,** *explain* _____

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

NAME: _____ David J. Quan _____    TEXAS BAR NO./ID NO. 16422300

MAILING ADDRESS: 808 Travis, 20th Floor, Houston, Texas 77002

PHONE NUMBER: _(713)_ _____ 225-5300 _____    FAX NUMBER: _(713)_ _____ 222-0101 _____
                area code   phone number                        area code   fax number

EMAIL ADDRESS:  dquan@davidquanlaw.com

S:\FormsLib\Civil Bureau\Civ Fam Intake & Customer Svc\Civintake\Civil Process Request Form                    Rev. 5/7/10

For Official Governmental Use Only - Do Not Disseminate to the Public: 72006820 - Page 1 of 2

SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION. FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE. SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

INSTRUMENTS TO BE SERVED:
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

__X__ ORIGINAL PETITION
_____ AMENDED PETITION
_____ SUPPLEMENTAL PETITION

COUNTERCLAIM
_____ AMENDED COUNTERCLAIM
_____ SUPPLEMENTAL COUNTERCLAIM

_____ AMENDED CROSS-ACTION
_____ SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:
_____ AMENDED THIRD-PARTY PETITION
_____ SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:
_____ AMENDED INTERVENTION
_____ SUPPLEMENTAL INTERVENTION

INTERPLEADER
_____ AMENDED INTERPLEADER
_____ SUPPLEMENTAL INTERPLEADER

INJUNCTION

MOTION TO MODIFY

SHOW CAUSE ORDER

TEMPORARY RESTRAINING ORDER

BILL OF DISCOVERY:

ORDER TO: _____
(specify)

MOTION TO: _____
(specify)

PROCESS TYPES:

NON WRIT:
CITATION __X__
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

WRITS:
ATTACHMENT (PROPERTY)
ATACHMENT (WITNESS)
ATTACHMENT (PERSON)

CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)

POSSESSION (PERSON)
POSSESSION (PROPERTY)

SCIRE FACIAS
SEQUESTRATION
SUPERSEDEAS

For Official Governmental Use Only - Do Not Disseminate to the Public: 72006820 - Page 2 of 2



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 10, 2016

Certified Document Number:      72006820 Total Pages:  2

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

# STATE COURT DOCUMENT 4

CONFIRMED FILE DATE: 9/22/2016



# CHRIS DANIEL
### HARRIS COUNTY DISTRICT CLERK


ENTERED AS
VERIFIED

## Civil Process Pick-Up Form

**CAUSE NUMBER:** _2016-55050_

ATY ___✓___          CIV _____          COURT _270_

---

### REQUESTING ATTORNEY/FIRM NOTIFICATION

**\*ATTORNEY:** _Quen, David J._      **\* PH:** _713-225-5300_

**\*CIVIL PROCESS SERVER:** _____

**\*PH:** _713-632-1796_

**\*PERSON NOTIFIED SVC READY:** _Erika Perez → Voicemail_

**\* NOTIFIED BY:** _____

**\*DATE:** _____

---

Type of Service Document: _C.+_          Tracking Number _7329116_
Type of Service Document:_____          Tracking Number_____
Type of Service Document:_____          Tracking Number_____
Type of Service Document:_____          Tracking Number_____
Type of Service Document:_____          Tracking Number_____
Type of Service Document:_____          Tracking Number_____
Type of Service Document:_____          Tracking Number_____

**Process papers prepared by: ANITA PEREZ**

Date: _9-22_ 2016          30 days waiting ____-____-____

---

**\*Process papers released to:** _John M. Howard_
_713 632 1727_          (PRINT NAME)
_____          _John M. Howard_
**\*(CONTACT NUMBER)**          (SIGNATURE)

**\*Process papers released by:** _Shaniece Richardson_
          (PRINT NAME)
_____          _Shaniece Richardson_
          (SIGNATURE)

**\* Date:** _9/26/16_ , 2016   Time: _11:54_   AM / PM

---

For Official Governmental Use Only - Do Not Disseminate to the Public: 72093194 - Page 1 of 1

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 10, 2016

Certified Document Number:        72093194 Total Pages:  1

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

# STATE COURT DOCUMENT 5

```
RECEIVED
SEP 2 8 2016
OFFICE OF CHIEF COUNSEL
```

DELIVERED: 9 28 16

by: _____

**Assured Civil Process Agency**

CAUSE NO.   201655050

RECEIPT NO.                    0.00        ATY
          * * * * * * * * *
                                  TR # 73291167

PLAINTIFF: MORRIS, LENA D
                    vs.
DEFENDANT: TEXAS HEALTH AND HUMAN SERVICES COMMISSION

In The    270th
Judicial District Court
of Harris County, Texas
270TH DISTRICT COURT
Houston, TX

CITATION

THE STATE OF TEXAS
County of Harris

TO: TEXAS HEALTH AND HUMAN SERVICES COMMISSION BY SERVING CHARLES SMITH
    EXECUTIVE COMMISSIONER
    4900  N LAMAR BLVD    AUSTIN  TX  78714 - 9030

    Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION</u>

This instrument was filed on the <u>18th day of August, 2016</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

     YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
     This citation was issued on 22nd day of September, 2016, under my hand and
seal of said Court.

<u>Issued at request of</u>:
QUAN, DAVID J.
808  TRAVIS, SUITE 1800
HOUSTON, TX  77002
Tel: (713) 225-5300
<u>Bar No.</u>: 16422300

*Chris Daniel*

CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)
Generated By: PEREZ, ANITA  IOJ//10492130

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ____.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $ _____

_____

_____ of _____ County, Texas

_____          By _____
          Affiant                                        Deputy

8/18/2016 2:30:42 PM
Chris Daniel - District Clerk Harris County
Envelope No. 12245790
By: Bonisha Evans
Filed: 8/18/2016 2:30:42 PM

# 2016-55050 / Court: 270

CAUSE NO. _____

| | | |
|---|---|---|
| LENA D. MORRIS, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| VS. | § | OF HARRIS COUNTY, TEXAS |
| | § | |
| TEXAS HEALTH AND HUMAN | § | |
| SERVICES COMMISSION | § | |
| Defendant. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES LENA D. MORRIS, Plaintiff, and for her Original Petition against

Defendant would respectfully show the Court as follows:

### DISCOVERY CONTROL PLAN

1.     This case should proceed as a level 2 case under Rule 190.3 of the Texas Rules of

Civil Procedure.

### PARTIES

2.     Plaintiff.  Lena D. Morris is a citizen and resident of Texas.   Ms. Morris currently

resides in Beaumont, Texas.

3.     Defendant.  Texas Health and Human Services Commission ("HHSC") is an agency

of the State of Texas and may be served by serving the Secretary of State of Texas and/or HHSC

Commissioner Charles Smith.

### VENUE

4.     Venue is proper in Harris County, Texas because the acts complained of occurred,

in whole or in part, in Harris County, Texas.

## JURISDICTION

5.      Jurisdiction is proper in this Court because the damages are within the jurisdictional limits of the Court.

6.      This Court has jurisdiction over the Defendants because the acts complained of in this lawsuit took place within the state of Texas.

7.      All conditions precedent for filing this matter have already occurred. Specifically, Plaintiff has already exhausted her administrative remedies with regard to her Title VII claims. Ms. Morris filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about November 9, 2015.

The EEOC has issued a Right to Sue Letter in this matter. The EEOC's Right to Sue Letter for Ms. Morris was dated May 19, 2016.

## FACTS

Background

8.      After having worked for various Texas state agencies for over fifteen (15) years, Plaintiff started her employment as an Investigator VI in the HHSC's Office of Inspector General ("HHSC OIG") on or about January 9, 2015 at the offices located at 10103 Fondren, Houston, Texas 77096.

9.      Upon starting work at HHSC OIG, Ms. Morris informed her supervisor, Interim Manager Ronald Mendoza, that she was claiming Family Medical Leave Act ("FMLA") designation based on her daughter's chronic serious health condition. At all of the previous state agencies for whom she had worked, Ms. Morris had had no difficulty with her FMLA status designation.

10.      Despite having provided Mr. Mendoza with the paperwork for FMLA designation, Ms. Morris was repeatedly asked to re-submit the paperwork because Director of General

2

Investigations, Lisa Pietrzyk, and Manager Orlando Mayers, claimed that Ms. Morris's paperwork was lost, could not be located, or had not been received.

11.     The consideration of Ms. Morris' submission of her FMLA designation was delayed and there was a reluctance to have Ms. Morris's FMLA designation approved.

12.     Based on information and belief, Mr. Mayers expressed on several occasions that he did not believe that Ms. Morris's daughter's health condition was a "serious health condition."

13.     Ms. Morris informed Mr. Mayers that she believed that she was being harassed because of her effort for FMLA designation.

14.     Ms. Morris was told that she would not be allowed to work a schedule that would have allowed her greater flexibility so that she could still meet her hours, while allowing her to be available should her daughter's chronic health condition require her attention. Based on information and belief, male colleagues at HHSC-OIG were allowed flexible work schedules.

15.     In late April/early May 2015, Ms. Morris submitted her plans for taking leave under the FMLA due to a situation involving Ms. Morris's daughter's health condition.

16.     Throughout Ms. Morris's tenure at HHSC-OIG, she was not paid at the same rate that her male counterparts were.

17.     Furthermore, Ms. Morris was subjected to a hostile work environment at HHSC-OIG related to her gender. Ms. Morris was subject to offensive conduct, including but not limited to, being harassed at her home with telephone calls in which her supervisor made demeaning remarks to her related to her gender; being told that she was going to be fired because of her gender; being told that she was not going to be allowed to conduct field work; being required to go through more "hoops" than her male colleagues; being physically intimidated by her male colleagues; being compared to a former HHSC-OIG female employee who had previously been terminated.

3

18.   As a result of the discriminatory and offensive actions that were directed at Ms. Morris because of her gender, she suffered serious emotional and mental distress.

19.   Due to the various disputes and difficulties that Ms. Morris suffered at HHSC-OIG, she filed an internal complaint. The submission of her internal complaint only increased the severity and amount of the hostility that she suffered.

20.   Ms. Morris's employment with HHA was terminated on May 8, 2015.

21.   Ms. Morris's position was filled by a male, who is not African-American and is less than forty-years old. Thus, Ms. Morris was replaced by an individual who is outside of her protected group of age, gender, and race.

## FIRST CAUSE OF ACTION
### (Violation of 29 U.S.C. §2601 et seq.)

22.   Plaintiff incorporates the allegations stated above as if fully set forth herein.

23.   As described above, Plaintiff was an employee who was attempting to exercise her rights under the Family Medical Leave Act ("FMLA").

24.   Her efforts to exercise her FMLA rights were the cause of harassment and discrimination.

25.   Ultimately, HHSC-OIG terminated Ms. Morris's employment shortly after she made her first request for FMLA leave with HHSC-OIG. Ms. Morris has been unable to afford continued healthcare coverage.

26.   Therefore, HHSC-OIG's actions in denying, harassing, and terminating Plaintiff's employment are a violation of the Family Medical Leave Act.

## SECOND CAUSE OF ACTION
### (Violation of 28 U.S.C. §2000 et seq.)

24.   Plaintiff incorporates the allegations stated above as if fully set forth herein.

4

25.    As described above, Ms. Morris was subject to less favorable terms and conditions of employment because of her gender.

26.    Additionally, Mr. Morris was not paid equally to her male counterparts.

27.    Ms. Morris's termination was because of her gender and she was replaced by an individual who is outside of her protected group.

28.    Therefore, HHSC-OIG's treatment of Ms. Morris was in violation of Title VII's protections against discrimination on the basis of sex.

### THIRD CAUSE OF ACTION
### (Violation of 28 U.S.C. §2000 et seq.)

29.    Plaintiff incorporates the allegations stated above as if fully set forth herein.

30.    Ms. Morris is African-American.

31.    Ms. Morris was subject to less favorable terms and conditions of employment to individuals who were not of her race.

32.    Ms. Morris's termination was because of her race and she was replaced by an individual who is outside of her protected group.

33.    Therefore, HHSC-OIG's treatment of Ms. Morris was in violation of Title VII's protections against discrimination on the basis of sex.

### FOURTH CAUSE OF ACTION
### (Violation of 28 U.S.C. §2000 et seq.)

34.    Plaintiff incorporates the allegations stated above as if fully set forth herein.

35.    Ms. Morris is African-American.

36.    Ms. Morris was subject to less favorable terms and conditions of employment to individuals who were not over forty (40) years old.

37.     Ms. Morris's termination was because of her age and she was replaced by an individual who is outside of her protected group.

38.     Therefore, HHSC-OIG's treatment of Ms. Morris was in violation of Title VII's protections against discrimination on the basis of age.

### FIFTH CAUSE OF ACTION
### (Violation of 28 U.S.C. §2000 et seq.)

39      Plaintiff incorporates the allegations stated above as if fully set forth herein.

40.     Ms. Morris sought to oppose the discriminatory treatment to which she was being subjected.

41.     Ms. Morris's engagement in activity that is protected by statute subjected her to a more hostile environment and worse terms and conditions of employment, including her eventual termination of employment.

42.     Therefore, HHSC-OIG's treatment of Ms. Morris was in violation of Title VII's protections against retaliation for engaging protected activity.

### JURY DEMAND

43.     Plaintiff respectfully requests that this matter be tried before a jury.

### PRAYER

44.     Ms. Morris respectfully prays that Defendant Health and Human Services Commission be cited to appear and answer herein and that upon a final hearing of the cause, that judgment be entered for Ms. Morris against Defendant and that Plaintiff be awarded the following:

A.      Back pay;

B.      Compensatory damages, including but not limited to emotional pain and suffering and mental anguish damages, to the extent allowed by law;

C.      Liquidated damages;

6

D.   Sanctions and penalties;

E.   Front pay;

F.   Attorneys' fees;

G.   Pre-judgment interest;

H.   Post-judgment interest;

Plaintiff further requests all other relief to which she is justly entitled, whether in law or in equity.

Respectfully submitted,

LAW OFFICE OF DAVID J. QUAN

By:   _David J. Quan_____
      David J. Quan
      Texas Bar No. 16422300
      Niels Esperson Building
      808 Travis, 20th Floor
      Houston, Texas 77002
      Telephone: (713) 225-5300
      Facsimile: (713) 222-0101
      dquan@davidquanlaw.com

      ATTORNEY FOR PLAINTIFF
      LENA D. MORRIS

7

STATE COURT
DOCUMENT
6

10/18/2016 2:58:24 PM
Chris Daniel - District Clerk Harris County
Envelope No. 13303276
By: SASHA PRINCE
Filed: 10/18/2016 2:58:24 PM

For Official Governmental Use Only - Do Not Disseminate to the Public: 72362005 - Page 1 of 4

CAUSE NO. 2016-55050

| | | |
|---|---|---|
| LENA D. MORRIS, | § | IN THE 270TH DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | OF |
| | § | |
| TEXAS HEALTH AND HUMAN | § | |
| SERVICES COMMISSION, | § | |
| *Defendant.* | § | HARRIS COUNTY, TEXAS |

---

## DEFENDANT TEXAS HEALTH AND HUMAN SERVICES COMMISSION'S ORIGINAL ANSWER AND DEFENSES

---

TO THE HONORABLE JUDGE OF THE COURT:

NOW COMES Defendant Texas Health and Human Services Commission ("Defendant") and files this, its Original Answer and Defenses to Plaintiff's Original Petition, and would respectfully show the Court as follows:

### I. ORIGINAL ANSWER

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies the allegations in Plaintiff's Original Petition and demands strict proof thereof.

### II. DEFENSES

Defendant asserts the following defenses to the claims raised in Plaintiff's Original Petition:

1. Defendant asserts that it had legitimate, non-discriminatory, and non-retaliatory reasons for all employment actions affecting Plaintiff Lena D. Morris ("Plaintiff") that she contends were unlawful and actionable;

For Official Governmental Use Only - Do Not Disseminate to the Public: 72362005 - Page 2 of 4

2.      Defendant asserts that the same actions complained of would have been taken regardless of any alleged unlawful motives;

3.      Defendant asserts that Plaintiff failed to exhaust her administrative remedies or failed to meet all conditions precedent and statutory prerequisites prior to filing this lawsuit;

4.      Defendant asserts the defense of sovereign immunity from suit and sovereign immunity from liability to any and all claims to which that defense applies;

5.      Defendant asserts that Plaintiff's own acts and/or omissions caused or contributed to her injuries, if any;

6.      Defendant asserts that Plaintiff has failed to mitigate her damages, if any;

7.      Defendant asserts that Plaintiff's damages are limited by the relevant statutory caps on damages; and

8.      Defendant reserves the right to amend this answer to allege additional defenses as they may become known.

## III.    PRAYER

THEREFORE, Defendant prays that Plaintiff take nothing by her claims and that Defendant receive any such other and further relief, general or special, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES DAVIS
Deputy Attorney General for Civil Litigation

ANGELA V. COLMENERO
Division Chief - General Litigation

/s/ *Benjamin L. Dower*
BENJAMIN L. DOWER
Assistant Attorney General
Texas Bar No. 24082931
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Phone: 512-463-2120
Fax: 512-320-0667
Benjamin.Dower@texasattorneygeneral.gov
***Attorney for Defendant Texas Health &
Human Services Commission***

For Official Governmental Use Only - Do Not Disseminate to the Public: 72362005 - Page 3 of 4

3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 18, 2016, a true and correct copy of the foregoing document has been served on the parties and/or attorneys of record through certified mail, return receipt requested:

**David J. Quan**
Niels Esperson Building
808 Travis, 20th Floor
Houston, Texas 77002
Telephone: (713) 225-5300
Facsimile: (713) 222-0101
Email: dquan@davidquanlaw.com
***Attorney for Plaintiff***

/s/ *Benjamin L. Dower*
BENJAMIN L. DOWER
Assistant Attorney General

For Official Governmental Use Only - Do Not Disseminate to the Public: 72362005 - Page 4 of 4



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 18, 2016

Certified Document Number:        72362005 Total Pages:  4

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**