IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LENA D. MORRIS, | § | |
|    *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 4:16-cv-3116 |
| | § | |
| TEXAS HEALTH AND HUMAN | § | |
| SERVICES COMMISSION, | § | |
|    *Defendant*. | § | |

**JOINT PRETRIAL ORDER**

**Appearance of Counsel**

**Plaintiff Lena D. Morris:**

David J. Quan
State Bar No. 16422300
Federal Bar No. 20073
Law Office of David J. Quan
Niels Esperson Building
808 Travis Street, 20th Floor
Houston, Texas 77002
 (713) 225-5300
 (713) 222-0101 (Fax)

**Defendant Health and Human Services Commission**:

**Adam Arthur Biggs**
Special Litigation Counsel

**Emily Ardolino**
Assistant Attorney General
Office of the Attorney General of Texas
P.O. Box 12548, Capital Station
Austin, Texas 78711
tel.  512.936.0750
cell 512.712.8715

**STATEMENT OF THE CASE**

Plaintiff, Lena D. Morris, brings this action against Defendant Health and Human Services Commission ("HHSC") for allegedly interfering with her rights under the Family and Medical Leave Act ("FMLA), and for retaliating against her for exercising her FMLA rights. Morris was employed by HHSC as an investigator in the Office of Inspector General ("OIG") until her termination on May 8, 2015. At the time of her termination, the Director of General Investigations for OIG was Lisa Campos-Garza and Morris' immediate supervisor was Orlando Mayers.

Defendant HHSC denies that it interfered with Morris' FMLA rights or retaliated against her for exercising these rights. Defendant further claims that Campos-Garza made the decision to terminate Morris' employment without considering Morris' requests for FMLA leave.

**JURISDICTION**

Jurisdiction in this case is based on federal question jurisdiction under Title 28 U.S.C. §1331. The Court has original jurisdiction under 29 U.S.C. §2617 and 28 U.S.C. §1331. Specifically, this case is brought pursuant to the FLSA 29 U.S.C. *§ 2601 et seq.,* as amended.

**MOTIONS**

Both parties currently have pending motions *in limine*.

**CONTENTIONS OF THE PARTIES**

**Plaintiff's Contentions**

Plaintiff Morris contends that she was eligible to take FMLA leave from her first day of employment with the OIG of Defendant HHSC. She further contends that because she requested and took FMLA leave she was subjected to unlawful harassment and was terminated by Defendant HHSC in violation of the FMLA. Defendant's motivation is evident by, among other things,

3

Director Campos-Garza's noting that Morris was taking leave on multiple occasions and attempting to justify HHSC's decision to terminate Morris' employment by falsely depicting incidents in which Plaintiff was involved. Mayers and Campos-Garza's conflicting testimony about the asserted reasons for Defendant's treatment of Morris evidences the lack of credibility to be given to Defendant's position.

Plaintiff Morris further contends that Defendant interfered with and/or restricted the exercise of her rights under the FMLA, by among other things, improperly categorizing leave as personal leave when it should have been categorized as FMLA leave and by denying Morris the use of FMLA leave when it had been properly requested.

Subsequent to being terminated, Plaintiff diligently sought to mitigate her damages by seeking employment with several different employers. To the extent that any substantially equivalent work existed, none was offered to Defendant. Plaintiff contends that the way that Defendant reported the reasons for her separation contributed to her inability to obtain subsequent, comparable employment.

Morris contends that as a result of Defendant's unlawful treatment that she suffered lost wages and benefits since the date of her termination on May 8, 2015 through the date of verdict, and that she will continue to suffer lost wages or wages lower than the amount of what she would have been earning had Defendant not committed unlawful actions against her and violated the FMLA.

**Defendant's Contentions:**

HHSC contends that it did not interfere with Morris's use of FMLA leave and that its decision to terminate Morris during her probationary period was because she violated multiple workplace policies within her first few months of employment. Morris received all the leave to

which she was entitled while working for HHSC, thus, she cannot show that HHSC interfered with her FMLA leave or that any interference prejudiced her in any way. Further, her second-line supervisor, Lisa Campos-Garza, ultimately decided to terminate Morris before the conclusion of her probationary period after receiving reports that, on more than one occasion, Morris changed her work schedule or ended her workday early without permission and that Morris had yelled at her direct supervisor in a meeting in front of her co-workers. Morris does not dispute that this insubordinate outburst occurred. In accordance with HHSC's probationary employment policy, Ms. Campos-Garza determined that Morris was not suited for the position. This decision had nothing to do with Morris's request for FMLA leave, all of which HHSC previously granted.

Even if Morris could somehow prove that she was terminated because she sought FMLA leave, she failed to mitigate *her damages* by not seeking comparable employment—instead deciding to take a low paying job at a daycare.

## ADMISSIONS OF FACT

1. Plaintiff Lena D. Morris was employed as an investigator by Defendant from January 9, 2015 through May 8, 2015.

2. Plaintiff Morris worked with two other employees in the newly-formed Houston office of the Electronic Benefits Transfer ("EBT") unit.

3. OIG's Director of General Investigations, Lisa Campos-Garza (formerly Pietrzyk) hired Plaintiff Morris.

4. Orlando Mayers was Morris's immediate supervisor from mid-January 2015 until her termination.

5. Plaintiff Morris took FMLA leave in late April 2015.

6.      HHSC notified Ms. Morris that her employment with HHSC OIG was terminated on May 8, 2015.

## CONTESTED ISSUES OF FACT

Plaintiff's Contested Issues of Fact

1.      At the time that Morris began working at the OIG of Defendant HHSC, she had been continuously employed by the State of Texas for approximately fourteen (14) years and four (4) months and had total state service experience for approximately sixteen and a half years.

2.      During the entire time that Morris worked for HHSC, the Director of the OIG was Campos-Garza.

3.      During the entire time that Mayers worked for HHSC, Campos-Garza was his direct supervisor.

4.      Morris was eligible for Family Medical Leave Act ("FMLA") leave during the entire time that she was an employee of the HHSC OIG.

5.      Morris provided her supervisors with all the necessary paperwork to demonstrate her eligibility for FMLA leave during her first week with HHSC OIG.

6.      Campos-Garza asked Mayers several times why Morris was taking off so much time while Ms. Morris was employed by HHSC's OIG.

7.      Campos-Garza had Mayers document reasons to terminate Morris's employment.

8.      Morris filed an internal complaint with THHSC regarding the violation of her employment rights in March 2015.

9.      Morris did not engage in conduct that warranted termination.

10.      Campos-Garza sought a basis to deny Morris' eligibility to request or take leave that was protected by the FMLA.

11. Morris suffered through constant questioning of her eligibility to take FMLA leave, being required to submit her paperwork on multiple times, and threats of being terminated for taking time for work, even it approved.

12. Morris's requesting and/or taking leave that qualifies under the FMLA was a motivating factor in HHSC's decision to terminate her employment.

13. Morris's requesting and/or taking leave that qualifies under the FMLA was a motivating factor in HHSC's decision for its treatment of Morris in the terms and conditions of her employment with HHSC.

14. HHSC interfered with Morris's protected activity under the FMLA.

15. The reason that HHSC has offered as the basis for terminating Morris's employment was not true.

16. The reason that HHSC has offered as the basis for harassing Morris during her employment was not true.

17. Ms. Morris was diligent in her efforts to find comparable employment subsequent to HHSC's termination of her employment from HHSC's OIG.

18. There is no evidence that substantially equivalent jobs were available for Morris.

19. HHSC changed information in the State's personnel data regarding Morris after THHSC had terminated her employment without notifying Morris about such change.

20. HHSC did not complete its investigation of Morris' internal complaint until approximately a year after her termination.

21. During HHSC's investigation of Morris' internal complaint, it did not interview her or ask her to provide any information.

22. The reasons offered by THHSC for its treatment of Morris in the terms and

conditions of her employment are a pretext for retaliation/discrimination because of her rights provided by the FMLA.

23. The reasons offered by THHSC for its termination of Morris's employment are a pretext for retaliation/discrimination because of her rights provided by the FMLA.

24. HHSC interfered with Morris' rights provided by the FMLA in its treatment of her and the handling of her application to have her leave qualified as FMLA-covered leave.

25. Even if the reasons offered by HHSC for its harassment of Ms. Morris during her employment are true, the adverse employment decision was still due to her exercising her rights provided by the FMLA. *Costa v. Dessert Palace*, 539 U.S. 90, 123 S. Ct. 2148 (2003); *Rachid v. Jack in the Box, Inc.,* 376 F.3d 305 (5th Cir. 2004).

26. Even if the reasons offered by HHSC for its termination Ms. Morris employment with THHSC's OIG are true, the adverse employment action was still due to her exercising her rights provided by the FMLA. *Costa v. Dessert Palace*, 539 U.S. 90, 123 S. Ct. 2148 (2003); *Rachid v. Jack in the Box, Inc.,* 376 F.3d 305 (5th Cir. 2004).

27. HHSC's acts and omissions that violated the FMLA were not done in good faith and Defendant had no reasonable belief that they were not violations of the FMLA.

Defendant's Contested Issues of Fact

1. The EBT unit was overseen by management personnel located in Austin.

2. After receiving confirmation from Morris' previous state employers, HHSC human resources determined that Plaintiff Morris was eligible for FMLA.

3. On March 18, 2015, Morris was absent from work without approval. It is documented that the manager approved her absence for March 17, 2015; however, Morris, without manager approval, changed the date to March 18, 2015 and took that day off instead.

4. On March 24, 2015, Morris accused her manager, Mayers, of committing misconduct after he informed her that HHSC policy required management approval before an employee could take time off.

5. On April 14, 2015, Morris was assigned a site visit. After completing this assignment, Morris did not return to work. Instead, Morris went home without approval. This occurred during work hours.

6. On April 29, 2015, Morris became insubordinate to her immediate supervisor, Orlando Mayers, during a meeting in which Mayers and other coworkers were present. After Mayer informed Morris and her coworkers that all would be staying late to complete a required training, Morris raised her voice at Mayers, told him that she was leaving regardless of his directive, and stated that she would just need to be written up for her actions.

7. Morris was terminated while she was still in her probationary period. Consistent with HHSC policy, Morris was provided a termination letter informing her that management had determined that she was not suited for the position.

8. HHSC permitted Morris to take all the leave she requested during her time working at HHSC.

9. HHSC dismissed Morris during her probationary period because she was not suited for the position due to her insubordinate behavior and policy violations not because of any FMLA protected activity.

10. At all times, HHSC had a legitimate, non-pretextual, business reasons for terminating Morris's employment.

11. There was no coordinated effort between Campos-Garza and Mayers to contrive a pretext to terminate Morris.

12. During her employment with HHSC, Morris did not miss any scheduled appointments with her daughter on account of HHSC's actions.

13. HHSC did not interference, restrain, or deny Morris' FMLA leave.

14. Morris failed to mitigate her damages, if any.

15. Morris has lacked diligence in seeking and obtaining comparable employment.

16. Employment comparable to Morris's position as an Investigator VI at HHSC is readily available in the Houston, Texas area.

## AGREED APPLICABLE PROPOSITIONS OF LAW

1. Ms. Morris is pursuing her claims for violation of the FMLA pursuant to 29 U.S.C. § 2601 et seq.

2. HHSC is a covered employer pursuant to the FMLA.

3. Morris was a covered employee pursuant to the FMLA.

4. The FMLA provides, in relevant part, that "[i] t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right" provided by the FMLA. 29 U.S.C. § 2615(a)(l).

5. The FMLA makes it "unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful for opposing any practice made unlawful" under the FMLA. 29 U.S.C. § 2615(a)(2).

6. The FMLA provides a private right of action for violation of its provisions. 29 U.S.C. § 2617.

7. An employer who violates the FMLA shall be liable to the employee affected for (A) damages equal to the amount of (i) any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation; or (ii) in a case in which

wages, salary, employment benefits, or other compensation have not been denied or lost to the employee, any actual monetary losses sustained by the employee as a direct result of the violation; (B) the interest on the amount described in (A) calculated at the prevailing rate; (C) an additional amount as liquidated damages equal to the sum of the amount described in (A) and the interest described in (B), except that if the violating employer proves to the satisfaction of the court that the act or omission that violated the FMLA was in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation, such court may in its discretion, reduce the amount of liability to the amount and interest determined under (A) and (B); and (D) for such equitable relief as may be appropriate, including employment, reinstatement, and promotion. 29 U.S.C. § 2617(a)(1).

8. Issues related to liquidated damages are a question for the Court, not the Jury.

9. The FMLA allows for the recovery of reasonable attorney's fees by a plaintiff who prevails in a claim against her employer for violation of the FMLA. 29 U.S.C. § 2617(a)(3).

## **CONTESTED ISSUES OF LAW**

Plaintiff's Contested Issues of Law

1. FMLA retaliation claims are subject to the mixed-motive framework. *Ion v. Chevron USA, Inc.*, 731 F.3d 379, 389 (5th Cir. 2013) *citing Richardson v. Monitronics International, Inc.*, 434 F. 3d 327, 333 (5th Cir. 2005).

2. Under a mixed-motive theory, in order to prevail, a Plaintiff need only show that her assertion of her rights under the FMLA was a motivating factor for Defendant's decision to take adverse employment action against her.

3. To prevail on an FMLA retaliation case, Plaintiff does not have to prove that her FMLA-protected activity is the only reason Defendant took adverse employment action against

Plaintiff.

4. To prevail on a claim for FMLA retaliation, Plaintiff must prove by a preponderance of the evidence that: (a) she engaged in FMLA-protected activity; (b) Defendant took adverse employment action against her; and (c) Plaintiff's engaging in FMLA-protected activity was a motivating factor in Defendant's decision to take adverse employment action.

5. If a jury disbelieves the reason Defendant gives for its decision, it may, but is not required to, infer that Defendant's decision to terminate Plaintiff was motivated by Plaintiff's FMLA-protected activity

6. HHSC's treatment towards Morris about her requesting and taking leave was regular and material enough to dissuade a reasonable person from making or supporting an allegation of discriminatory treatment for seeking her rights under the FMLA.

7. In order to prevail on an FMLA interference claim, the issue of Defendant's motivation is not considered.

8. Defendant has the burden of proof to establish that mitigation of damages is applicable.

9. In order for Defendant to prevail on its contention that Plaintiff failed to mitigate her damages, Defendant has the burden to prove by a preponderance of the evidence that (a) that there was substantially equivalent employment available; (b) Plaintiff failed to use reasonable diligence in seeking those positions; and (c) the amount by which Plaintiff's damages were increased by her failure to take such reasonable actions. *Ellerbrook v. City of Lubbock*, Tex. 465 F. App'x. 324, 337 (5th Cir. 2012); *Vaughn v. Sabine Cnty.*, 104 F. App'x 980, 984 (5th Cir. 2004); *50-Off Stores, Inc. v. Banques Paribas (Suisse), S.A.*, 180 F.3d 247, 258 (5th Cir. 1999).

10. HHSC has no competent evidence that Morris was not diligent in her efforts to find comparable employment after THHSC terminated her employment HHSC's OIG.

11. HHSC has no competent evidence that Morris could have obtained comparable employment after THHSC terminated her employment from HHSC's OIG.

Defendant's Contested Issues of Law

1. "But-for" causation is the proper causation standard for retaliation claims. *See, e.g., Perkins v. Child Care Assocs.*, 751 F. App'x 469, 475 (5th Cir. 2018); *Wheat v. Fla. Par. Juvenile Justice Comm'n*, 811 F.3d 702, 705-706, 711 (5th Cir. 2016); *Adams v. Hermann*, No. 4:15-CV-1270, 2019 U.S. Dist. LEXIS 147666, at *15-16 (S.D. Tex. Aug. 29, 2019).

2. Even if Morris could show that HHSC somehow interfered with her FMLA rights, she cannot show that she was prejudiced by any violation because she received all the FMLA leave that she requested. *See Ragsdale* v. *Wolverine World Wide, Inc.*, 535 U.S. 81, 89 (2002) (holding that to succeed on a claim under 29 U.S.C. § 2615(a)(1) a plaintiff must show that the defendant interfered with, restrained, or denied her exercise or attempt to exercise FMLA rights, and that the violation prejudiced her); *Acker* v. *General Motors, L.L.C.*, 853 F.3d 784, 788 (5th Cir. 2017); *De La Garza-Crooks* v. *AT&T*, 252 F.3d 436 (5th Cir. 2001) ) ("Proof of injury under the FMLA "requires evidence that the plaintiff was denied FMLA leave improperly" (citing *Graham* v. *State Farm Mut. Ins. Co*., 193 F.3d 1274, 1275 (11th Cir. 1999) ("[A] plaintiff suffers no FMLA injury when she receives all the leave she requests….")).

## **WITNESSES**

Plaintiff's Witnesses:

(1) Lena D. Morris

(2) Lisa Campos-Garza

(3) Ronald Mendoza

(4) Rick McDougald

(5) Orlando Mayers

(6) John Thomas

<u>Defendant's Witnesses</u>:

(1) Lisa Campos-Garza

(2) Cleveland Tolver

(3) Orlando Mayers

(4) Steve Lightfoot

(5) Amy Tippie, Deputy Director Human Resources, HHSC

## **SETTLEMENT**

The Parties attended mediation with the Honorable Magistrate Judge Nancy Johnson on October 15, 2019. The parties were not able to reach a settlement at the conclusion of the mediation.

## TRIAL

Probable length of trial: the parties project 2.5-3 days inclusive of jury selection.

Hours before the parties were required to file this Joint Pretrial Order and exhibit lists, Plaintiff produced 66 pages of documents responsive to HHSC's requests for production that were served over two years ago. HHSC reserves the right to supplement any of its pre-trial filings and file any appropriate motions due to this late disclosure.

*There do not appear to be any other logistical problems requiring the Court's attention.*

## ADDITIONAL ATTACHMENTS

A proposed jury charge is attached. The parties cannot agree as to the proper causation standard. The contested language has been included in the proposed charge. HHSC's language is in italics, and Plaintiff's is underlined.

In addition, Plaintiffs' Exhibit List and Defendant's Exhibit List are attached.

_____                                    _____
Date                                                                                               United States District Judge Sim Lake

APPROVAL REQUESTED

            LAW OFFICE OF DAVID J. QUAN

By:     */s/ David J. Quan*
       David J. Quan
       Texas Bar No. 16422300
       Federal Bar No. 20073
       Niels Esperson Building
       808 Travis, 20th Floor
       Houston, Texas 77002
       Telephone: (713) 225-5300
       Facsimile: (713) 222-0101
       dquan@davidquanlaw.com

ATTORNEY FOR PLAINTIFF
LENA D. MORRIS


KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

DARREN L. MCCARTY
Deputy Attorney General for Civil Litigation

THOMAS A. ALBRIGHT
Chief for General Litigation Division

*/s/ Adam Arthur Biggs*
ADAM ARTHUR BIGGS
Attorney-in-Charge
Special Litigation Counsel
Texas Bar No. 24077727
Southern District Bar No. 2964087
EMILY ARDOLINO
Assistant Attorney General
Texas Bar No. 24087112
Southern District Bar No. 2218021
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 | FAX: (512) 320-0667
adam.biggs@oag.texas.gov

emily.ardolino@oag.texas.gov

**ATTORNEYS FOR HEALTH AND HUMAN SERVICES COMMISSION**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served on the following via the court's electronic filing system on January 6, 2020.

> Adam Arthur Briggs
> Special Litigation Counsel
> Emily Ardolino
> Assistant Attorney General
> Office of the Attorney General
> General Litigation Division
> P.O. Box 12548, Capitol Station
> Austin, Texas 78711-2548
> Phone: 512-463-2120
> Fax: 512-320-0667
> adam.biggs@oag.texas.gov
> emily.ardolino@oag.texas.gov

                                 */s/ David J. Quan*
                                     David J. Quan