# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| LENA D. MORRIS,<br>*Plaintiff,* | § § § | |
| v. | § § | Civil Action No. 4:16-cv-3116 |
| TEXAS HEALTH AND HUMAN<br>SERVICES COMMISSION,<br>*Defendant.* | § § § § | |

---

## JURY CHARGE

---

Instruction No. 1

## GENERAL CHARGE TO THE JURY

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the

arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general

rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses,

but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

Plaintiff Lena D. Morris has the burden of proving her case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff Morris has failed to prove any element of her claim by a preponderance of the evidence, then she may not recover on that claim.

Instruction No. 2

## FMLA RETALIATION

Plaintiff Morris claims that her requesting or taking leave under the Family Medical Leave Act ("FMLA") was a motivating factor in Defendant Health and Human Services Commission's ("HHSC") decision to terminate her employment.

Defendant HHSC denies the claim and contends that it dismissed Plaintiff Morris during her probationary period because she was not suited for the position.

It is unlawful for an employer to retaliate and/or discriminate against an employee for engaging in FMLA-protected activity.

FMLA-protected activity includes, but is not limited to, requesting or taking leave that qualifies under the FMLA.

To prevail, Plaintiff Morris must prove by a preponderance of the evidence that:

1.    She engaged in FMLA-protected activity;

2.    Defendant HHSC terminated her employment; and

3.    Plaintiff Morris's engaging in FMLA-protected activity was a motivating factor in Defendant HHSC's decision to terminate her employment.

6

Plaintiff Morris does not have to prove that her FMLA-protected activity is the only reason Defendant HHSC terminated her employment. But Plaintiff Morris must prove that she would not have been terminated from her job in the absence of her FMLA-protected activity.

If you disbelieve the reason Defendant HHSC has given for its decision, you may, but are not required to, infer that Defendant HHSC's decision to terminate Plaintiff Morris was motivated by Plaintiff Morris' FMLA-protected activity.

Instruction No. 3

## HHSC'S AFFIRMATIVE DEFENSE

If you find that Plaintiff Morris's requesting or taking FMLA leave was a motivating factor in the Defendant HHSC's decision to terminate her, even though other considerations were factors in the decision, then you must determine whether Defendant HHSC proved by a preponderance of the evidence that it would have made the same decision even if it had not considered Plaintiff Morris's requesting or taking FMLA leave.

Instruction No. 4

**DAMAGES FOR RETALIATION**

If you find that Defendant HHSC violated the FMLA, then you must determine whether those violations caused Plaintiff Morris damages. If so, you must determine the amount. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiff Morris has proved liability.

Plaintiff Morris must prove her damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork. On the other hand, Plaintiff Morris need not prove the amount of her losses with mathematical precision, but only with as much certainty and accuracy as the circumstances permit.

You should consider the following elements of damages and no others: any wages, salary, employment benefits or other compensation denied or lost because of Defendant HHSC's violation of the FMLA, if any.

Wages, salary, and benefits include the amounts the evidence shows Plaintiff Morris would have earned had she remained an employee of Defendant HHSC from May 8, 2015 to the date of your verdict, including benefits such as health insurance, minus the amounts of earnings and benefits, if any, Defendant

HHSC proves by a preponderance of the evidence Plaintiff received from employment during that time.

Instruction No. 5

## MITIGATION OF DAMAGES

Defendant HHSC asserts that Plaintiff Morris failed to mitigate her damages. To prevail on this defense, Defendant HHSC must show, by a preponderance of the evidence: (a) that there was "substantially equivalent employment" available; (b) Plaintiff Morris failed to use reasonable diligence in seeking those positions; and (c) the amount by which Plaintiff Morris's damages were increased by her failure to take such reasonable actions.

"Substantially equivalent employment" means a job that has virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status as the job Plaintiff Morris lost. Plaintiff Morris does not have to accept a job that is dissimilar to the one she lost, one that would be a demotion, or one that would be demeaning. The reasonableness of Plaintiff Morris' diligence should be evaluated in light of her individual characteristics and the job market.

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate her damages, that is, to avoid or to minimize those damages. If you find Defendant HHSC is liable and Plaintiff Morris has suffered damages, then Plaintiff Morris may not recover

for any item of damage which she could have avoided through reasonable effort. If you find that Defendant HHSC proved by a preponderance of the evidence Plaintiff Morris unreasonably failed to take advantage of an opportunity to lessen her damages, you should deny her recovery for those damages that she would have avoided had she taken advantage of the opportunity.

You are the sole judge of whether the Plaintiff Morris acted reasonably in avoiding or minimizing her damages. Plaintiff Morris may not sit idly by when presented with an opportunity to reduce her damages. However, she is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages.

Defendant HHSC has the burden of proving the damages that the Plaintiff Morris could have mitigated. In deciding whether to reduce the Plaintiff Morris' damages because of her alleged failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the defendant has satisfied its burden of proving that the Plaintiff Morris' conduct was not reasonable.

Instruction No. 6

## INTERFERENCE WITH FMLA LEAVE

Plaintiff Morris also claims that she was entitled to time off from work under the FMLA, and that Defendant HHSC interfered with, restrained, or denied her entitlement to that time off.

Defendant HHSC denies Plaintiff Morris' claim and contends that she received all the time off she requested.

It is unlawful for an employer to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any right provided by the FMLA. FMLA rights include requesting or taking leave under the statute.

An employee is eligible to take leave if, when the leave began, she: (1) had been employed by the employer for at least 12 months; and (2) worked at least 1,250 hours during the previous 12-month period.

If eligible, an employee is entitled to take up to 12 weeks of leave in any 12-month period to care for the employee's child, if that person had a "serious health condition."

A "serious health condition" means an illness, injury, impairment, or physical or mental condition that involves either (a) inpatient care in a hospital,

hospice, or residential medical care facility, or (b) continuing treatment by a health care provider.

A "health care provider" includes a doctor of medicine, doctor of osteopathy, podiatrist, dentist, clinical psychologist, optometrist, nurse practitioner, nurse-midwife, or clinical social worker, so long as the provider is licensed to practice in the state and is performing within the scope of his or her practice.

An employee is required to give notice to the employer indicating when she requires FMLA leave. If the need for leave was foreseeable—that is, the leave was planned or expected—the employee must give the employer at least 30 days' notice before the leave was to begin, except that if the date of the treatment required the leave to begin in less than 30 days, the employee was required to provide such notice as was practicable.

To give her employer proper notice of the need for FMLA leave, an employee is not required to expressly refer to or name the FMLA. The employee need provide the employer only enough information to put it on notice that leave was needed because of a serious health condition.

To succeed in this case, Plaintiff Morris must prove by a preponderance of the evidence that she was entitled to time off from work:

1. To care for Plaintiff Morris's daughter, if her daughter had a "serious health condition";

2. Plaintiff Morris gave Defendant HHSC proper notice of the need for time off from work for one or more of these reasons; and

3. Defendant HHSC interfered with, restrained, or denied Plaintiff Morris's entitlement to take time off from work.

If the statutory requirements have been otherwise satisfied, then it does not matter whether Defendant HHSC intended to violate the FMLA. If Defendant HHSC denied Plaintiff Morris a right to which she was entitled under the FMLA, then you should find for Plaintiff Morris on this issue.

Instruction No. 7

## FMLA INTERFERENCE DAMAGES

If you find that Defendant HHSC violated the FMLA by denying, restraining, or interfering with Plaintiff Morris's right to take time off under the FMLA, then you must determine whether HHSC caused Plaintiff Morris damages and, if so, the amount, if any, of those damages.

Plaintiff Morris must prove her damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. On the other hand, Plaintiff Morris need not prove the amount of her losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

You may award as damages any actual monetary losses Plaintiff Morris sustained as a direct result of Defendant HHSC's violation of the FMLA, such as the cost of providing care.

Instruction No. 8

## JURY DELIBERATIONS

It will soon be your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your

notes. You must select a presiding juror to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your presiding juror must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the presiding juror should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

# INTERROGATORIES

## FMLA Retaliation

### **Question No. 1**

Was Defendant HHSC's decision to terminate Plaintiff Morris motivated by Plaintiff Morris's requesting or taking FMLA leave?

Answer "Yes" or "No."

_Yes_

*If you answer "Yes," go to Question No. 2. If you answer "No," proceed to Question No. 5.*

<u>HHSC's Affirmative Defense</u>

## **Question No. 2**

Has Defendant HHSC proved that it would have made the same decision to terminate Plaintiff Morris even if it had not considered her requesting or taking FMLA leave?

Answer "Yes" or "No."

_Yes_

*If you answer "Yes," proceed to Question 5. If you answer "No," go on to Question 3.*

20

<u>Damages for Retaliation</u>

## **Question No. 3**

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Plaintiff Morris for the damages, if any, you have found Defendant HHSC caused Plaintiff Morris?

Answer in dollars and cents for the following items and no others:

Wages, salary, employment benefits, or other compensation denied or lost from May 8, 2015 to date of verdict:

Answer in dollars and cents:

$ _____


*If your answer to Question 3 contains an amount greater than zero dollars ($0.00), go on to Question 4. If the amount you entered is zero dollars ($0.00), then proceed to Question 5.*

## Mitigation of Damages

### **Question No. 4**

What sum of money, if paid now in cash, is the amount by which Plaintiff Morris's damages, if any, could have been reduced through her reasonable diligence in seeking, obtaining, and maintaining substantially equivalent employment after the date of her termination.


Answer in dollars and cents:

$ _____


*Proceed to Question 5.*

Interference with FMLA Leave

**Question No. 5**

Did Defendant HHSC deny, restrain, or interfere with Plaintiff Morris's right to time off from work under the FMLA, or with her attempt to exercise her right to take time off from work under the FMLA?

Answer "Yes" or "No."



*If you answer "Yes," go on to Question No. 6. If you answer "No," proceed to signing the verdict form.*

<u>Damages for FMLA Interference</u>

## **<u>Question No. 6</u>**

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Morris for the damages, if any, you have found Defendant HHSC caused her by denying, restraining, or interfering with Plaintiff Morris's right to time off from work under the FMLA?

Answer in dollars and cents:

$ _____

*Proceed to signing the verdict form.*